FILED
2021 FEB 25
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MATTHEW M.,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS TO PLAINTIFF**<br><br>Case No. 2:19-cv-01005-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying his claim for supplemental security income (SSI) under Title XVI of the Social Security Act (Act). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on January 8, 2021, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free of harmful legal error and is, therefore, AFFIRMED.

## STANDARD OF REVIEW

The scope of the Court's review of the Commissioner's final decision is specific and narrow. As the Supreme Court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Biestek*, 139 S. Ct. at 1154. While substantial evidence is "more than a mere scintilla," it means only "such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation marks omitted).  Under this deferential standard, this Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).  The Court's inquiry "as is usually true in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close."  *Biestek*, 139 S. Ct. at 1157.

## DISCUSSION

**I.   Background**

Plaintiff applied for benefits in November 2016, alleging disability upon reaching adulthood on February 9, 2011, due to a neurodevelopmental disorder and borderline intellectual functioning that was caused by exposure to illicit drugs in utero (Certified Administrative Transcript (Tr.) 166, 189).  Plaintiff completed high school with the support of special education and had worked a seasonal part time job mowing lawns (Tr. 38, 44, 249, 274).

After a hearing (Tr. 28–64), an administrative law judge (ALJ) issued a December 2018 decision finding that Plaintiff was not disabled (Tr. 15–23).  The ALJ followed the familiar five-step sequential evaluation for assessing disability.  *See generally* 20 C.F.R. § 404.1520(a)(4) (outlining the process).  The ALJ found that Plaintiff had severe impairments, but that his medical conditions did not meet or equal the criteria of the disabling impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1 (Tr. 17–18).  The ALJ next determined that Plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but could only understand, remember, and carry out simple, routine, and repetitive tasks; perform goal-oriented but not assembly line-paced work; interact with co-workers and supervisors only occasionally; have brief and superficial contact with the general public; adapt to infrequent and

routine changes in the work place; and perform unskilled work (as opposed to semi-skilled or highly skilled) (Tr. 19). *See* 20 C.F.R. § 416.945(a) (the RFC is an assessment of the most an individual can do despite his limitations). Considering this RFC, and consistent with vocational expert testimony, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy (laundry worker, kitchen helper, and hand packager) (Tr. 21–22). Therefore, the ALJ concluded that Plaintiff was not disabled under the strict standards of the Act (Tr. 22).

The Appeals Council then denied Plaintiff's request for review (Tr. 1–6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a). This appeal followed.

**II.   Analysis**

Plaintiff raises only one challenge, arguing the ALJ's treatment of the opinion of Dr. Karen Malm was inadequate (Plaintiff's Brief (Pl. Br.) 4–7). The Court finds Plaintiff's arguments unpersuasive.

Dr. Malm interviewed and evaluated Plaintiff, then wrote a 13-page summary of her assessment and opinion on Plaintiff's mental functioning. She opined that he demonstrated the "ability to learn tasks that require routine and repetition," and recommended vocational rehabilitation (Tr. 283). She also concluded Plaintiff would benefit from "learning additional independent living skills," such as remembering to count correct change, and planning skills (Tr. 283). In reaching these conclusions, Dr. Malm administered several tests that showed Plaintiff would have difficulty with complex tasks; his adaptive functioning was similar to a younger adolescent; he displayed low average to average verbal fluency skills, extremely low to average range response speeds, average performance for initial abstraction, and functioned in the very

low range of intellectual abilities; but he had good insight into his emotions (Tr. 278–82). She also concluded he did not meet the criteria for Autism Spectrum Disorder (Tr. 280).

The ALJ explained he gave great weight to Dr. Malm's opinion that Plaintiff demonstrated the ability to learn tasks that require routine and repetition because the opinion was consistent with her examination that showed average processing speeds, and she had the opportunity to personally examine and observe Plaintiff (Tr. 20). *See* 20 C.F.R. § 416.927(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). Plaintiff does not contest the weight assigned to the opinion, but instead argues that because the ALJ gave the opinion great weight, the ALJ was required to include additional limitations in the RFC that are derived from the narrative portion of Dr. Malm's opinion (Pl. Br. at 5–7). The Court finds the ALJ's RFC finding accurately translated Dr. Malm's opinion.

The RFC is not a medical determination, but instead an administrative finding that is reserved to the Commissioner. *See Young v. Barnhart*, 146 F. App'x 952, 955 (10th Cir. 2005) (unpublished). The ALJ alone is charged with considering and summarizing the medical opinions when defining a claimant's RFC. 20 C.F.R. § 416.946(c); *see Howard v. Barnhart,* 379 F.3d 949, 949 (10th Cir. 2004); *see also Young*, 146 F. App'x at 955 ("The final responsibility for determining RFC rests with the Commissioner, based upon all the evidence in the record, not only the relevant medical evidence."). There is no legal requirement that the ALJ include verbatim every single test result or statement included in the narrative aspect of an opinion when he fashions the RFC. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). Rather, as an administrative decision, an ALJ must consider all of the evidence of record—including the medical history, medical signs and laboratory findings, the nature and effectiveness of treatment,

medical opinions, statements by the claimant and others, daily activities, and other relevant evidence—in determining the RFC. *See* 20 C.F.R. §§ 416.945(a)(1), (a)(3). The ALJ did so here.

The ALJ did not, as Plaintiff contends, "excis[e] just tiny parts of Dr. Malm's report" while rejecting others (Pl. Br. at 6). On the contrary, the ALJ specifically addressed Dr. Malm's ultimate conclusion in the "Recommendations" section of her report and assigned great weight to that conclusion (Tr. 20, 283). Dr. Malm also said Plaintiff would benefit from learning additional independent living skills, such as counting correct change and planning skills, but these statements do not translate to specific functional limitations for purposes of the RFC finding (Tr. 283, at Recommendation 2). *See* Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *6–7 ("nonexertional capacity must be expressed in terms of work-related functions"). Nor was the ALJ required to include a limitation in the RFC to specifically address multiple test results and other statements in the analysis section of Dr. Malm's 13-page assessment (Pl. Br. at 5–6). If this was the actual legal standard it would lead to RFC findings that were several pages long, as opposed to the short RFC statement that is actually required by the regulations. *Compare* 20 C.F.R. § 416.920a(c), (e) (articulation requirements for mental impairment evaluation), *with* SSR 96-8p, 1996 WL 374184, at *7 (narrative discussion requirements).

Moreover, the statements Plaintiff points to in Dr. Malm's report either do not specifically address work-related functional abilities or were already adequately addressed in the RFC finding. Agency rulings have explained that "work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to

5

supervision, co-workers and work situations; and deal with changes in a routine work setting." SSR 96-8p, 1996 WL 374184, at *6.  Dr. Malm's statement that Plaintiff may need things repeated for him before he learns, and had cognitive deficits that would cause him to have difficulty with complex tasks found in adulthood are consistent with the work-related ability to understand, remember, and carry out only simple, routine, and repetitive tasks as stated in the RFC (Tr. 19, 282; *see* Pl. Br. at 5).  *See Wall,* 561 F.3d at 1068–69 ("Where—as here—the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's residual functional capacity, the need for express analysis is weakened." (citation, alteration, and internal quotation marks omitted)).  To the extent that adaptive functioning test scores suggesting Plaintiff functioned at the adolescent level can be translated to a work-related functional ability, the ALJ already accounted for this by stating Plaintiff retained the work-related ability to adapt to only infrequent and routine changes in the work place; perform only simple, routine, and repetitive tasks; and perform only unskilled work (Tr. 19).  The remaining statements Plaintiff points to do not amount to work-related functional abilities that should be addressed in an RFC finding (Pl. Br. at 5–6 (Plaintiff "would benefit from supplemental income" and "learning additional independent living skills")).  *See* SSR 96-8p, 1996 WL 374184, at *6.

      The Court finds that substantial evidence supports the ALJ's findings and the ALJ applied the correct legal standards in reaching his decision to find Plaintiff not disabled under the strict standards of the Act.  Thus, the ALJ's decision will be affirmed.

## CONCLUSION

Because the ALJ's decision is supported by substantial evidence and is free of harmful legal error, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

DATED this 25 February 2021.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah